UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/5/2023
```

JEONG-SUK NO,

      Plaintiff,

-against-

THE REPRESENTATIVE OF USA UNITED STATES OF AMERICA,

      Defendant.

1:23-cv-08188-MKV

**ORDER OF DISMISSAL**

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff Jeong-Suk No brings this *pro se* action, removed from New York Supreme Court, New York County, alleging that Defendant violated Plaintiff's rights. The Court dismisses the Complaint for the reasons set forth below.

## LEGAL STANDARD

  A district court "may dismiss a frivolous complaint *sua sponte*[,] even when the plaintiff has paid the required filing fee." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (citing *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989); and *Pillay v. I.N.S.*, 45 F.3d 14, 16–17 (2d Cir. 1995)); *see Frein v. Pelosi*, No. 22-1063, 2023 WL 2530453, at *1 (2d Cir. Mar. 16, 2023) ("District courts have inherent authority to dismiss a frivolous complaint on their own initiative."); 28 U.S.C. § 1915(e)(2)(B)(i) (providing that in an action in which a plaintiff proceeds *in forma pauperis*, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious"). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court must construe a *pro se* plaintiff's complaint broadly, and the Court may not dismiss "simply because [it] finds the plaintiff's allegations unlikely." *Livingston v. Adirondack*

*Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted). To meet the standard for *sua sponte* dismissal as frivolous, the Court must find that "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Id.* (internal quotation marks omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.").

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff[1] initiated this action on March 22, 2019 by filing a Complaint in New York Supreme Court, New York County against Defendant "The Representative of USA United States of America." [*See* ECF No. 1-1 ("Compl.")]. Plaintiff alleges "physical injury" in various "incidents" that took place in Seoul, South Korea in 2018, and in New York City in 2019. Compl. 5. The incidents that Plaintiff alleges occurred in Seoul include "property damage . . . suddenly by unknown reasons"; a "heater attack" in which the "indoor temperature was controlled by something else" that left Plaintiff "not able to sleep [and] not shower"; and a "sound attack" in which "severe noise hurt [Plaintiff's] brain." Compl. 5. The incidents that Plaintiff alleges occurred in New York include unspecified incidents at the Strand Bookstore and a library; "biological organs control"; a "marketing attack"; and a "gang/internet stalking/sound attack" in a "similar situation in NYC as Seoul" except "in different ways." Compl. 5. Plaintiff further alleges various frauds and scams, including a "green card fraud"; a "bank loan fraud"; and two "romance

---

[1] Plaintiff has filed nine actions in this District, all of which have been dismissed *sua sponte*. On February 25, 2020, Plaintiff was barred from filing *in forma pauperis* lawsuits in this District without obtaining leave of Court. *No. v. Republic of Korea, South Korea*, 20-CV-0655 (CM), ECF No. 8; *see Jeong-Suk No v. CIA/FBI/NSA*, No. 19-CV-11405 (CM), 2020 WL 1157956, at *1 (S.D.N.Y. Mar. 10, 2020).

scams." Compl. 6. The Complaint does not provide any factual detail regarding these incidents or their cause, nor does it allege any facts concerning Defendant's supposed involvement therein.

On September 15, 2023, the United States Government, appearing as Defendant, removed the case to this Court. [ECF No. 1]. Defendant filed a pre-motion letter indicating its intent to move to dismiss the case pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). [ECF No. 3]. Defendant served Plaintiff with a copy of the Notice of Removal, the Court's Individual Rules of Practice, this District's ECF Rules and Filing Instructions, and Defendant's pre-motion letter. [ECF No. 4]. Plaintiff has not responded to Defendant's pre-motion letter or otherwise prosecuted the case since it was removed to this Court.

## DISCUSSION

### I. The Complaint is Frivolous

Even affording Plaintiff the "special solicitude" due *pro se* pleadings, *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994), the Complaint must be dismissed as frivolous. Plaintiff's allegations "rise to the level of the irrational or the wholly incredible," and the Complaint contains no articulable legal theory to support Plaintiff's claims. *Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court cannot decipher any factual contentions that would support a viable cause of action against Defendant. *See Frein*, 2023 WL 2530453, at *1 (affirming district court's *sua sponte* dismissal of *pro se* complaint as frivolous where plaintiff "did not allege any facts that even arguably support any legal claim against defendant [former Speaker of the United States House of Representatives Nancy] Pelosi").

Moreover, the Complaint recycles allegations that Plaintiff has raised in other actions Plaintiff has filed in this District against various defendants—including the United States—that have been dismissed as frivolous. *See, e.g.*, *No v. United States*, No. 19 CIV.2271, 2019 WL 13249264, at *1–*2 (S.D.N.Y. Apr. 4, 2019); *Jeong-Suk No v. Republic of Korea*, No. 19-CV-

2275 (JPO), 2019 WL 13246811, at *1–*2 (S.D.N.Y. Apr. 1, 2019); *see also Jeong-Suk No v. Republic of Korea*, No. 20-CV-655 (CM), 2020 WL 635582, at *2 (S.D.N.Y. Feb. 10, 2020) (collecting cases).  A district court may dismiss as frivolous a complaint that merely reasserts claims that have been dismissed as frivolous in prior actions.  *See Fitzgerald*, 221 F.3d at 363–64; *Frein*, 2023 WL 2530453, at *1 (affirming dismissal as frivolous where "two recent orders . . . dismissing two similar lawsuits brought by [plaintiff] placed him on notice that a complaint would be subject to dismissal if it asserted claims against a government official premised on injuries caused by third parties"); *Jean-Baptiste v. Westside Donut Huntington Ventures LLC*, No. 23CV2308PKCLB, 2023 WL 3126192, at *2 (E.D.N.Y. Apr. 27, 2023) (finding that where plaintiff "already made substantially the same allegations in two other cases that the Court has dismissed, the current [complaint] is duplicative and frivolous").  Accordingly, the Court dismisses the Complaint as frivolous.

## II.   Plaintiff is Denied Leave to Amend

District courts generally grant "leave to amend a *pro se* complaint unless amendment would be futile." *Morales v. Weiss*, 569 F. App'x 36, 37 (2d Cir. 2014); *see also Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("Where a proposed amendment would be futile, leave to amend need not be given.").  The defects in Plaintiff's pleading are substantive and cannot be cured by amendment. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (affirming denial of leave to replead where *pro se* complaint, liberally read, did not indicate that claims were simply "inadequately or inartfully pleaded" such that plaintiff could reframe them); *accord Frein*, 2023 WL 2530453, at *2.  Therefore, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

For the foregoing reasons, the Complaint is dismissed with prejudice.  Defendant's letter motion seeking a pre-motion conference [ECF No. 3] is DENIED as moot.  The Clerk of Court

respectfully is requested to terminate the letter motion pending at docket entry 3 and to terminate the case.

**SO ORDERED.**

**Date:   October 5, 2023**      **MARY KAY VYSKOCIL**
**           New York, NY**              **United States District Judge**